IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN ALLEN BUTLER,

    Petitioner,   No. CIV S-09-2767 DAD P

    vs.

JOHN SALAZAR, Warden,   <u>ORDER AND</u>

    Respondent.   <u>FINDINGS AND RECOMMENDATIONS</u>
_____/

    Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

    Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. <u>See</u> 28 U.S.C. § 1915(a).

**PRELIMINARY SCREENING**

    Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may

1

dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

## ANALYSIS

In his petition, petitioner challenges his 1998 conviction on the charge of lewd conduct with a minor. Therein, petitioner claims, inter alia, that the Solano County Superior Court improperly sentenced him in violation of the principles subsequently announced in Cunningham v. California, 549 U.S. 270 (2007). (Pet. at 3 & Attach.)

This court's own records reveal that petitioner previously filed a petition for writ of habeas corpus attacking the same underlying state court conviction. See Case No. CIV S-04-1049 EJG GGH.[1] In that case, the assigned magistrate judge issued findings and recommendations, recommending that petitioner's application for a writ of habeas corpus be dismissed as barred by the statute of limitations. On March 30, 2005, the assigned district judge adopted those findings and recommendations in full, and on September 22, 2006, the United States Court of Appeals for the Ninth Circuit affirmed the judgment.

This court is not required to entertain petitioner's instant petition because it is "second or successive." See 28 U.S.C. § 2244(a). Under § 2244:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –

/////

/////

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

      (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

      (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

      (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Before a second or successive petition permitted by statute can be filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

      Here, petitioner has not obtained an order from the Ninth Circuit authorizing the district court to consider his second or successive petition. Petitioner cannot proceed with his successive petition in this court unless and until he obtains such an order. Accordingly, petitioner's unauthorized second or successive petition should be dismissed without prejudice to its refiling with a copy of an order from the Ninth Circuit authorizing petitioner to file a second or successive habeas petition.

## CONCLUSION

      IT IS HEREBY ORDERED that:

      1. Petitioner's October 5, 2009 motion to proceed in forma pauperis (Doc. No. 2) is granted; and

      2. The Clerk of the Court is directed to randomly assign a United States District Judge to this action.

/////

/////

/////

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be dismissed without prejudice to its refiling with a copy of an order from the Ninth Circuit authorizing petitioner to file a second or successive petition; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 26, 2009.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
butl2767.156